**UNITED STATES of America,**
**Appellee,**

v.

**Decio ROIZMAN, Defendant–Appellant.**

No. 09–5085–cr.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2011.

Randall D. Unger, Law Office of Randall D. Unger, Esq., Bayside, N.Y., for Defendant–Appellant.

Daniel S. Silver, (Jo Ann M. Navickas, of counsel), Assistant United States Attorney, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present: ROBERT D. SACK, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Decio Roizman appeals from a December 8, 2009 judgment of the United States District Court for the Eastern District of New York (Korman, *J.*), following a jury conviction on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and four substantive counts of wire fraud, in violation of 18 U.S.C. § 1343. We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

Roizman contends that his sentence is procedurally unreasonable because the district court erred (1) in calculating the intended loss and (2) in declining to grant a two-level downward adjustment to his offense level for acceptance of responsibility. We review the sentence imposed by the district court for reasonableness. *United States v. Cavera,* 550 F.3d 180, 187 (2d Cir.2008) (en banc) (citing *Gall v. United States,* 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range ..., makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, ... rests its sentence on a clearly erroneous finding of

fact," or fails to explain adequately its sentence. *Id.* at 190 (citing, *inter alia, Gall,* 552 U.S. at 50, 128 S.Ct. 586) (internal citations omitted).

■ We turn first to the district court's loss calculation. Roizman argues that the district court erred in adopting a 14–level enhancement pursuant to § 2B1.1(b)(1)(H) in reliance on the Presentence Report's calculation that the intended loss was $900,000. Because Roizman did not raise this issue below, we review for plain error, which is "(1) error (2) that is plain and (3) affects substantial rights." *United States v. Folkes,* 622 F.3d 152, 156 (2d Cir.2010) (per curiam). If we identify plain error, "it is within our discretion to decide whether to correct it, and we will do so only if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* (quoting *United States v. Doe,* 297 F.3d 76, 82 (2d Cir.2002)).

We find no plain error here. Pursuant to § 2B1.1(b)(1)(H), the threshold for the 14–level enhancement is an actual or intended loss of $400,000. Assuming *arguendo* that defendant is correct that the $900,000 figure overstates the seriousness of his offense, there is more than sufficient evidence that the intended loss exceeded the $400,000 threshold. First, Martin Tremblay—the only witness with direct knowledge of Roizman's demands—testified that Roizman stated that the "attorneys" hired on Tremblay's behalf would require $900,000 to get the charges against Tremblay dismissed, with $450,000 payable immediately and the balance payable after the charges were dismissed. Even disregarding the second $450,000 as unlikely to have been extracted from the Tremblays, the immediate demand for $450,000 exceeded the threshold for the 14–level enhancement. Second, the evidence reflects that Martin Tremblay's parents, Gerard and Danielle Tremblay, made payments totaling $290,000 and that Roizman's ac-

complice, Flavio Da Silva, requested an additional $120,000 payment from Danielle Tremblay, which exceeded the $400,000 threshold. Accordingly, the district court did not err in imposing the 14–level enhancement for an intended loss exceeding $400,000.

■ We turn next to Roizman's contention that the district court erred in denying his request for a 2–level downward adjustment for acceptance of responsibility. In deciding whether to grant this adjustment, a district court should consider whether the defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction," U.S.S.G. § 3E1.1 cmt. n. 1(A), and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility," *id.* § 3E1.1 cmt. n. 1(H). The adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* § 3E1.1 cmt. n. 2. However, in "rare situations," a defendant may still receive the 2–level reduction after trial, if "for example, ... a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.,* to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.*

The facts of this case do not suggest that this is one of the "rare situations" that warrants a post-trial adjustment for acceptance of responsibility. We note first that Roizman does not challenge on appeal the imposition of an obstruction of justice enhancement, which "ordinarily indicates that the defendant has not accepted responsibility." *Id.* § 3E1.1 cmt. n. 4. Nor does he point to any "pre-trial statements

and conduct" that indicate an acceptance of responsibility; to the contrary, Roizman successfully urged Da Silva to flee the country and put the government to the burden of proving his guilt at trial. The district court's decision to deny this reduction is "entitled to great deference on review," *id.* § 3E1.1 cmt. n. 5, and we see nothing to suggest that the district court erred in its determination.

We have considered all of Roizman's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**